No. 10,994.

MASTERS *v.* THE PEOPLE.

Decided July 7, 1924.

Plaintiff in error was sentenced on a plea of guilty of a violation of the prohibition act.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEALS—*Bond—Statutes.* Section 6174, C. L. '21, concerning appeal bonds, applies only to civil cases. Bonds in appeals from justice to county court in criminal cases are governed by section 6194, C. L. '21.

2. *Justice to County Court—Criminal Cases—Bond.* Where an appeal to the county court is sought from a judgment of a justice of the peace in a criminal case, the bond, which is an essential condition precedent to the appeal, must be approved by the justice.

*Error to the County Court of El Paso County, Hon. James F. Sanford, Judge.*

Mr. C. B. HORN, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. HAROLD CLARK THOMPSON, Assistant, for the people.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

BEFORE a justice of the peace of El Paso county, Fred Masters, plaintiff in error here, defendant below, entered a plea of guilty of unlawfully having intoxicating liquor in his possession. On such plea the justice sentenced him to pay a fine of $300.00 and to imprisonment in the county jail for six months. The defendant filed an appeal bond with the clerk of the county court, which was approved by the clerk, who thereupon issued a supersedeas restraining the justice from further proceeding in the suit and until the further order of the county court. The district attorney filed a motion to dismiss this appeal upon the ground that the statute does not authorize an appeal to the county court from a judgment of a justice of the peace upon a plea of guilty in a criminal case. The court dismissed the appeal and the defendant is here with his writ of error and asks for a supersedeas. The language of the bond on its face shows, and it otherwise appears, that the bond was based upon, and conformed to, the provisions of section 6174, C. L. 1921, which is applicable only to civil cases. The appeal bond provided for criminal cases is section 6194, C. L. 1921. That bond must be approved by the justice of the peace, whereupon further proceedings are stayed by the justice. It matters not that the judgment of dismissal was rendered because the county court was of the opinion that an appeal does not lie from a judgment on a plea of guilty before a justice of the peace. Whether or not an appeal lies upon a plea of guilty of some provision of our statute which imposes a penalty for unlawfully pos-

sessing intoxicating liquors, we do not decide. In any event, and in any case, where an appeal to the county court is sought from a judgment of a justice of the peace in a criminal case, the bond, which is an essential condition precedent to the appeal, must be approved by the justice. No such bond was approved by, or filed in the office of, the justice of the peace in this case. It was, therefore, properly dismissed even if a wrong reason was given for a correct decision. The application for a supersedeas is denied and the judgment is affirmed.